IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JUAN MANUEL RODRIGUEZ, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> STATE OF IDAHO, TESSIE ) <br> BUTTRUM, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. CV-07-235-S-BLW <br><br> **ORDER** |

The Court previously required Plaintiff to file an amended complaint in order to proceed. Plaintiff has not complied with the Court's previous order to clarify his claim of excessive bail; rather he has added additional claims upon which he cannot proceed. Therefore, the Complaint shall be dismissed without prejudice. Plaintiff has already been advised that he cannot sue the State of Idaho.

Plaintiff cannot sue Judge Cheri Copsey or his public defender under 42 U.S.C. § 1983. Judge Copsey is entitled to absolute immunity for her judicial actions. *See Stump v. Sparkman*, 435 U.S. 349 (1978) (under the doctrine of absolute judicial immunity, a judge is not liable for monetary damages for acts performed in the exercise of his or her judicial functions). Plaintiff's public defender is not a state actor. *See West v. Atkins*, 487 U.S. 42 (1988) (when representing an indigent defendant in a state criminal proceeding, the public defender does not act under color of state law for purposes of § 1983 because

**ORDER  1**

he is not acting on behalf of the State; he is the State's adversary).  If Plaintiff believes that his public defender in his criminal case is conspiring with the prosecutor to present false evidence to Judge Copsey, such a claim should be brought in his criminal case and on appeal of that case, if necessary.  For this Court to adjudicate such a cause of action at this time would be to interfere with an ongoing state criminal case that implicates an important state interest, and for which there is adequate remedy within the state court system.  *See Younger v. Harris*, 401 U.S. 37 (1971) (only in the most unusual of circumstances that a federal court should interfere in an ongoing state criminal matter); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

   Finally, the Court ordered Plaintiff to provide additional factual allegations regarding whether the prosecutor acted as a witness at the bail hearing or merely presented evidence.  *See Cruz v. Kauai County*, 279 F.3d 1064 (9th Cir. 2002) (prosecutor loses absolute immunity if he or she swears to the truth of facts presented at bail hearing and becomes a witness rather than using an independent witness).  Plaintiff has not provided any clarification that would allow the Court to find that absolute prosecutorial immunity would not apply.  The Court will dismiss this action without prejudice, given that Plaintiff may be able to clarify his claims through counsel or at a later date.  Plaintiff is encouraged to discuss his concerns regarding excessive bail and his attorney's alleged actions with the head of the public defender's office.

**ORDER  2**


## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's case is DISMISSED without prejudice.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion to Appoint Counsel (Docket No. 7) is MOOT.

DATED: **December 20, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge